## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| ALLSTAR PROPERTIES, LLC, *et al.*,[1] | CASE NO. 25-41314-BEM |
| Debtor. | *Jointly Administered* |

### AMENDED MOTION FOR AN ORDER APPROVING SALE OF REAL ESTATE LOCATED IN FLOYD AND POLK COUNTY, GEORGIA (STEWART ROAD PROPERTY)

**NOW COME** Allstar Properties, LLC ("**ASP**"), debtor and debtor-in-possession in the above-captioned jointly administered bankruptcy case, and files this *Amended Motion for an Order Approving Sale of Real Estate Located in Floyd and Polk County, Georgia (Stewart Road Property)* (this "**Motion**"), showing the Court the following:

### JURISDICTION & VENUE

1.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1576 and 1334.

2.

This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Allstar Properties, LLC (0809), Allstar Properties I, LLC (9017) and ACH Rental Properties, LLC (5725), collectively the Company Debtors; Andrew C. Heaner (0731) and Mary Helen Heaner (9136).  The mailing address for the Company Debtors for purposes of these chapter 11 cases is: P.O. Box 209, Rockmart, GA 30153. The mailing address for the Heaner Debtors for purposes of these chapter 11 cases is: 2900 Rome Highway, Cedartown, GA 30125.

## BACKGROUND

4.

ASP filed its petition for relief under Title 11, Chapter 11 of the United States Code on August 31, 2025 (the "**Petition Date**").

5.

ASP is a Georgia limited liability company.  ASP is a real estate holding company that owns and/or manages several large pieces of real property throughout the northwest corner of the State of Georgia, in Floyd, Haralson and Polk Counties (together, the "**Investment Properties**"). The Investment Properties do not generate revenue unless and until they are sold, other than occasional timber and tangential sales.

6.

Prior to the Petition Date, on or around January 20, 2025, ASP, as the seller, and CBRE Inc. ("**CBRE**"), as the broker, entered into that certain *Exclusive Marketing Agreement* (the "**Marketing Agreement**") wherein ASP agreed to sell and CBRE agreed to market the following parties: (together, the "**Stewart Rd. Property**").

| Property Address | Parcel ID |
|---|---|
| 785 Stewart Rd | Floyd K20-012 |
| 0 Stewart Rd | Floyd K20-013 |
| 4450 Old Rockmart Hwy | Floyd K20-011 |
| 0 Stewart Rd | Polk 040-024 |
| 785 Stewart Rd | Polk 040-031 |

7.

On September 24, 2025, ASP filed that certain *Application and Agreement Authorizing the Employment of CBRE, INC. as Broker for Debtors to Sell Real Estate in the State of Georgia* (the "**Application**") wherein it sought authorization to retain CBRE as its broker and referenced the

- 2 -

Sale Agreement.  [Doc. No. 41].  The Application was approved by court order on October 27, 2025.  [Doc. No. 73]. The Application extended the term of the Marketing Agreement.

8.

On or around November 20, 2025, ASP, as the seller, CBRE, as the broker, and Steve Reischl, on behalf of Strides Autism Services, LLC ("**SAS**"), as the purchaser, entered into a *Purchase and Sale Agreement* wherein SAS agreed to purchase the Stewart Rd. Property for $1,500,000.00, subject to a financing contingency, which the Court approved by Order of the Court after ASP filed a motion to approve the proposed sale. *See* Doc. Nos. 113 and 144. However, after the sale was approved by the Court, SAS terminated the purchase agreement and the sale did not close.

9.

On February 10, 2026, ASP, as the seller, CBRE, as the broker, and Gregory Goldberg, on behalf of Commercial Funding Partners, LLC, as the purchaser ("**Buyer**"), entered into that certain *Purchase and Sale Agreement* (the "**Purchase Agreement**") wherein Buyer agreed to purchase the Stewart Rd. Property for $1,500,000.00 (the "**Purchase Price**"), without a financing contingency and proposed closing date no later than March 20, 2026, to be allocated accordingly between Unencumbered Properties and Encumbered Properties (as defined and detailed below) as follows:

| Property Address – Unencumbered Properties | Parcel ID | Purchase Price |
| --- | --- | --- |
| 785 Stewart Rd | Floyd K20-012 | $491,021.00 |
| 4450 Old Rockmart Hwy | Floyd K20-011 | |

| Property Address – Encumbered Properties | Parcel ID | Purchase Price |
|---|---|---|
| 0 Stewart Rd | Floyd K20-013 | $1,008,979.00 |
| 0 Stewart Rd | Polk 040-024 | |
| 785 Stewart Rd | Polk 040-031 | |

10.

The Purchase Price was the result of a months-long marketing campaign by CBRE.  CBRE and ASP assert that the Purchase Price is the fair market value of the Property.

11.

Certain of the Stewart Rd. Property (separately identified as the "**Encumbered Properties**") are part of a portfolio securing an approximately $2,200,351.00 debt (the "**Lien**") to AgSouth Farm Credit, ACA ("**AgSouth**"):

| Property Address | Parcel ID |
|---|---|
| 0 Stewart Rd | Polk 040-024 |
| 785 Stewart Rd | Polk 040-031 |
| 0 Stewart Rd | Floyd K20-013 |

12.

The following Stewart Rd. Property are the Unencumbered Properties:

| Property Address | Parcel ID |
|---|---|
| 785 Stewart Rd | Floyd K20-012 |
| 4550 Old Rockmart Rd | Floyd K20-011 |

13.

Pursuant to the Sale Agreement, and as set forth in the Application and subsequent order, CBRE is to receive a 5% commission on the gross sale amount of the Stewart Rd. Property, to be paid at closing.  In this case, and should the Court approve the sale, the commission due to CBRE will be $75,000.00 (the "**Commission**"), which include $50,448.95 in commission for the Encumbered Properties, and $24,551.05 for the Unencumbered Properties.  Other closing costs as anticipated include .1% transfers tax - $1,008.98 (Encumbered Properties); $491.02

- 4 -

(Unencumbered Properties).  Further, real property taxes may be due including a pro rata share of the 2025 real property taxes - $15,654.31 (Encumbered Properties); $2,561.41 (Unencumbered Properties) and a *pro rata* share of 2026 real property taxes of - approx. $3,900 (Encumbered Properties); approx. $640.35.  Additionally, ASP seeks authority for the closing attorney to also transmit $8,071.83 (Encumbered Properties) and $3,828.17 (Unencumbered Properties) to the Office of the United States Trustee to pay for U.S. Trustee fees which will be generated from this sale and the distribution of the sales proceeds. Further, pursuant to a prior agreement related to the sale of the 989 Property, ASP seeks authority for the closing attorney to also transmit $30,558.40 to the Office of the United States Trustee to pay for U.S. Trustee fees which was generated from the sale and the distribution of the sales proceeds of the 989 Property, to be disbursed from the sales proceeds for the Unencumbered Properties. *See* Doc. Nos. 111, 113, 143, and 144.

14.

The net sale proceeds from the Encumbered Properties (the "**Encumbered Proceeds**") shall, to the extent necessary, be used to pay down the Lien.

15.

ASP shall retain the net sale proceeds relating to the unencumbered properties for its own use (the "**Unencumbered Proceeds**," together with Encumbered Proceeds, the "**Proceeds**").

16.

ASP believes that the Proceeds constitute fair market value for the Stewart Rd. Property and will maximize value to the Estate.

17.

ASP asserts that, subject to ASP's rights to retain the Unencumbered Proceeds, since the balance of the Encumbered Proceeds must be paid to AgSouth, notice of the closing statement,

which will not be available until shortly before the projected March 20, 2026, closing date, to the U.S. Trustee and AgSouth only is necessary.

## RELIEF REQUESTED

ASP requests, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014, the Court approve the sale to Buyer, which maximizes the value of the Estate, and is, accordingly, in the best interest of the Estate, ASP and its creditors.  ASP therefore believes that the relief requested in this Motion should be granted.

By this Motion, ASP seeks entry of an Order approving the sale of the Stewart Rd. Property as described herein, and granting other related relief, including (a) finding that the sale is in good faith as contemplated by 11 U.S.C. § 363(m); (b) authorizing the distribution of any amounts due and owing to AgSouth on the Lien, as applicable, the Commission to CBRE, and other normal and customary closing costs and real property taxes to be paid from the Proceeds.

## BASIS FOR RELIEF

ASP is authorized, pursuant to 11 U.S.C. § 363(b)(1) to use, sell, or lease, other than in the ordinary course of business, property of the estate, after notice and a hearing.  Section 105 of the Bankruptcy Code grants the Court authority to "issue any order, process or judgment necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105.

Pursuant to 11 U.S.C. § 363 (f), ASP request that the Court authorize the sale of the Stewart Rd. Property to Buyer free and clear of all liens, with any valid liens, attaching to the sale proceeds, such liens valid and effective against only said proceeds, to the same extent and with the same priority and subject to the same defenses, objections, and rights of avoidance that would otherwise exist.  A sale free and clear of liens is authorized with regard to any holder of a claim secured by a lien, where (i) applicable nonbankruptcy law permits sale of such property free and clear of such

interest; (ii) the entities asserting liens on the Steward Rd. Property consent to the sale; (iii) the price at which the property is to be sold is greater than the aggregate of the liens on such property; (iv) the claim is in bona fide dispute; *or* (v) the entities asserting liens on the Stewart Rd. Property could be compelled in a legal or equitable proceeding to accept a money satisfaction foo such liens. 11 U.S.C. § 363(f)(1)-(5).  ASP does not believe that the Stewart Rd. Property is worth more than the Purchase Price.

ASP seek the protection afforded to a purchase with regard to sale transactions pursuant to 11 U.S.C. § 363(m), which provides that any reversal or modification on appeal of an authorization of a sale does not affect the validity of the sale under such authorization to any entity which purchased the property in good faith.

ASP submits that the sale to Buyer, which is an arms-length transaction between unrelated parties, is reasonable and appropriate, and designed to insure fairness.  ASP believes that, based on its and CBRE's experience in the industry, the Purchase Price is the highest and best price it can obtain for the Stewart Rd. Property.  Thus, ASP request that the sale to Buyer should therefore be entitled to the protections of § 363(m).  If the good faith of ASP and/or Buyer is disputed, ASP request that such dispute be resolved by the Court at the hearing on this Motion.

**WHEREFORE**, ASP prays that the Court:

(a)  Authorize ASP to sell the Stewart Rd. Property pursuant to the terms set forth herein, free and clear of all liens, with any lien to attach to the proceeds from the Purchase Agreement as applicable;

(b)  Find that ASP and Buyer have proceeded in good faith;

(c)  Authorize the closing attorney for the sale to distribute the sale proceeds from the Purchase Agreement as set forth herein;

- 7 -

(d)      Find that ASP can transfer good title to the Stewart Rd. Property to Buyer free and

clear of all liens, claims, encumbrances and interests;

(e)      A waiver of the 14-day stay under Bankruptcy Rule 6004(h); and

(f)      Grant such other and further relief as is just and proper.

Respectfully submitted, this 10th day of February 2026.

**SMALL HERRIN, LLP**
*Counsel for Debtor and*
*Debtor-in-Possession*

By: _____/s/ Anna M. Humnicky_____
Anna M. Humnicky
GA Bar No. 37785

100 Galleria Parkway
Suite 350
Atlanta, GA 30339
(T): 770-783-1800
ahumnicky@smallherrin.com

- 8 -